Good morning. May it please the court. There is no dispute that Mr. Rudisill used some but not all of his Montgomery GI benefits when he elected to use post 9-11 benefits. And the sole question that was before the VA, the Veterans Court, and now this court is how many months of post 9-11 GI benefits can he now receive from the VA. Luckily, Congress envisioned exactly this situation and provided an answer precisely to this question. And that answer was provided in Section 3327 D-2A, which was entitled a limitation on entitlement for certain individuals, namely those individuals who had used some but not all of their Montgomery benefits like Mr. Rudisill. And in Section 3327 D-2A, Congress stated that for those individuals, the number of months of entitlement to post 9-11 benefits shall be the number of months of unused entitlement under the Montgomery GI bill. And that is what the VA originally granted Mr. Rudisill and there's no dispute about what the number of those months is. And therefore, in our view, Section 3327 clearly and ambiguously addresses the sole question that was before the Veterans Court. And the Veterans Court fundamentally erred by refusing to consider that statutory section at all. Now, the distinction that the Veterans Court drew and the distinction that Mr. Rudisill continues to advance on is that he had multiple periods of service as opposed to a single period of service. Counsel, let me ask you a question. Do we need to actually have to define periods of service? How would you define a period of service? What are we talking about? So, Your Honor, I think this court does not need to define a period of service in order to resolve this case because the parties do not dispute that Mr. Rudisill in fact had multiple periods of service. I don't think that there is an explicit definition for that for purposes of the distinction that the Veterans Court drew. The Veterans Court majority explicitly did not make a definition of that. I think that the VA in other contexts has relied on reenlistment periods to define a period of service. But fundamentally, for the purposes of this case, that's sort of not in dispute because we agree that Mr. Rudisill had multiple periods of service. Where we disagree is that Section 3327 makes any distinction on that basis. And in fact, there is no language that either the Veterans Court or Mr. Rudisill has ever identified anywhere in Section 3327 that makes any mention of periods of service, draws any distinction based on the number of periods of service, or excludes Veterans with multiple periods of service from its reach. And that's not in dispute. Just back up for a moment. As I understand the statute the way it now reads, that if you have a you have to have 36 months to qualify for educational benefits. Am I right about that? So, Your Honor, it slightly depends on which active duty program is at issue. So, if you serve continuously for 36 months after 2001 under active duty in that voluntary service, then that theoretically can qualify you for either Montgomery benefits or post-9-11 benefits. So, what we're talking about here is two classes of veterans. Those who serve a continuous period, let's say two 36-month periods, they've served continuously for 72 months. And then we're talking alternatively about a veteran who serves two 36-month periods, but they're not, right? So, Your Honor, I don't believe that the statute draws a distinction between those two groups of veterans. Wait, wait, wait. And then we have in 3322I a statement that a veteran who's only served 36 months can't get benefits under both programs and has to elect one or the other. But that's not what we're concerned with here. We're concerned that 3327 applies both to a veteran with a single period of service, say 72 months, and with a veteran who has two separate 36-month periods. That's a way of looking at it, right? Yes, I would agree with that, Your Honor. That is the question. And your contention is that 3327D applies both to those who have earned the benefits by a single period of service and those who have earned the benefits by multiple periods of service, right? Correct, Your Honor. And specifically, it applies to those, the 3327D2A, which is where the limitation that is at issue is found, applies specifically to the group of veterans who had used some but not all of their Montgomery benefits. But irrespective of whether they sort of started using Montgomery benefits as a result of a single period of service or as a 3327D only applies to someone who's earned benefits through a single period of service and not to people who've earned benefits by two periods of service, correct? That's correct. And that was the distinction that the veterans court majority also drew. But that distinction, neither the veterans court majority nor Mr. Rudisill has ever itself that would make such a distinction. And that silence by Congress is telling in this context, particularly because that is a distinction that they have drawn elsewhere in the statute. And most explicitly in 3322H, which was added in 2011, a couple of years after the post 9-11 bill was enacted. No, I think you're not right about that. I think that 3322H is dealing with an entirely different situation. And that is where a veteran has one 36-month period of service and is trying to get benefits under both programs and Congress says you can't do that. And I agree with that, Your Honor. But the distinction that I wanted to make was that there Congress explicitly drew a distinction between veterans that had a single period of service and multiple periods of service. And they did not correspondingly draw such a distinction in 3327. And therefore- I don't think that helps you, but go ahead. Fair enough, Your Honor. Regardless, 3327 does not say anything and does not have any language that would suggest that veterans with multiple periods of service would be excluded from the explicit limitation that Congress added in 3327D2A. But counsel, there's no dispute here, is there? That no matter how many periods of service you have, and no matter how lengthy each of those periods is still a maximum of 48 months of compensation. Isn't that right? So, Your Honor, I would disagree with that slightly. I think there is no dispute that the default that Congress envisioned for active duty service is 36 months of GI benefits. Talking about the combination now, if you have multiple periods of service, even if you have, let's say, two or three-year periods of service, the maximum education benefit that you're entitled to is a total of 48 months. That seems to be what the statute says. Is that not accurate? Your Honor, I would disagree with that slightly. The 48 months here that comes from Section 3695 is a total aggregate limit on the receipt of education benefits. That's what I say. Total aggregate limit, no matter how many months of service you have, whether they're combined, separate, cumulative, or all one, that's the total aggregate limit, in which case, whether he had two 36-month enlistments or what, he could not exceed the 48 months. I gather he's not asking to exceed the total of 48 months. Is that not what this case says? Your Honor, that limit is separate from the entitlement because that applies not only to active duty service, it applies to all GI Bill education benefits, no matter where they come from, including other programs that are not based on active duty service at all. Chapter 36 is not itself a source of benefits. It is not an entitlement. I don't understand what you're arguing. Obviously, the 48 months is an overall limit, but the point is it's not the only limit. There's also the limit in 3327. Exactly, Your Honor. Therefore, in this case, because Mr. Rudisill falls within the explicit limitation that's in 3327, that is an additional limit in addition to the 48 months. Given the posture that he was in, he never reaches the 48-month question because his entitlement is directly and more specifically addressed by 3327 D2A, which says that given the time in which he applied for post-9-11 benefits, having used some but not all of his Montgomery benefits, he is entitled to post-9-11 benefits just for the number of months that is his unused Montgomery entitlement. That is a more specific statute that Congress drafted that specifically addresses this particular situation, and that controls in this case and unambiguously resolves the question of how many months of post-9-11 benefits he could receive. Therefore, we never really need to get to Section 3695 at all because Congress addressed the question in 3327 D2A. I see I've run out of my initial time, so if there are no more questions, I will reserve the remainder for rebuttal. So anything else for Ms. Fomenkova at the moment? All right, thank you. Save your rebuttal time, and we'll hear from Mr. McHugh. May it please the Court, this is Timothy McHugh for the claimant appellee, FBI Special Agent James Rudisill. This case is about whether Congress intended to prohibit post-9-11 veterans from separately qualifying service to establish their post-9-11 GI Bill entitlement. What does 3327 mean? It seems to be pretty explicit that you have to exhaust your Montgomery benefits before you can go on to the 9-11 benefits. So how do you deal with the plain language of the statute? Well, Your Honor, the plain language of 3322 D and 3327 dictate that they are a mechanism for coordination of entitlement, a pre-existing established entitlement to a benefit like the Montgomery GI Bill, and coordinating that into entitlement for the post-9-11 GI Bill. Please answer my question directly. We have the language of 3327 D, which seems to be explicit. To whom does that limitation apply? Why doesn't it apply to the veteran in this case? Your Honor, it applies to a veteran who wants to convert their existing entitlement based on one block of qualifying service, and opt-in under the permissive language of 3327, opt-in to converting that to- It only applies to a veteran who's benefits by a single period of service and not somebody who's earned benefits by multiple periods of service? Your Honor, our view is that it applies to everyone. Tell me, is that correct or not correct? Your Honor, that's not entirely correct. Our view is that the provisions apply to any veteran who wants to convert an existing entitlement, regardless of how many periods of service they have, and use one of those periods to post-9-11 entitlement. But it's a permissive mechanism. It was designed as an expansion of GI Bill entitlement because veterans who had already credited their qualifying service to other benefits would have been unable to participate in the post-9-11 program- I'm not understanding what you're saying. It's permissive. It says that a veteran can only receive 9-11 benefits once he or she has exhausted the Montgomery benefits. What's unclear about that? Well, Your Honor, 3327 nor 3322D ever say anything about exhausting entitlement. They don't provide for that. And instead, all they provide for, and I'm looking at 3327A in particular right now, it says an individual may elect to receive educational assistance under this chapter. And then under D1 of 3327, it says when that election is made, that permissive choice is made, then the veteran shall be entitled to educational assistance under this chapter in accordance with the provisions of this chapter, instead of basic educational assistance under Chapter 30 and the other possible programs. It's a choice. It says if you're entitled to both, that the number of months you get under the 9-11 thing is the same number of months, 36 months, that you would get originally unless you've exhausted your Montgomery benefits, in which case you get more months. What's wrong with that? I mean, it's right on the face of it. Well, Your Honor, the conversion ratio and the limitation there on 36 months of benefits under the post-9-11 program makes sense when you visualize this as a conversion of existing entitlement. Existing entitlement, which is established based on a specific period of qualifying service that the veteran has already locked into entitlement to, say, the Montgomery program. If they've started using that entitlement and have less than 36 months of benefits available remaining to them under the Montgomery program, they are converting that into post-9-11 entitlement. They're redeeming what they have left for that period of service and saying, I want now instead. All right. I am not understanding what you're saying. Is your client described in 3327A1? A. He's entitled to basic educational benefits under Montgomery and has used but retained unused entitlement. He's covered by that. He's described there, right? B. Yes, Your Honor. He does meet that definition, that provision. However... A. Doesn't D then tell us that he's limited to... B. Your Honor... A. ...unless he's exhausted his Montgomery benefits? B. Your Honor, no. It does not tell us that. What 3327D and the rest of its provisions provide is for a veteran who wants to make that conversion, who wants to coordinate their existing entitlement into post-9-11 entitlement, they would be so limited. Mr. Rudisill chose a different path. When he applied for benefits, he identified service that had never been used for establishing his Montgomery entitlement. He was seeking to meet the criteria of 38 U.S.C. 3311, which defines what qualifying service is. To answer a question that came out in opening argument, it defines what periods of service are. It provides what the qualifying service is that establishes entitlement to post-9-11 benefits. He was trying to credit that service under 3322H1 by saying, I have a block of qualifying service that could entitle me to Montgomery benefits or post-9-11 benefits. I'm choosing to put those into the post-9-11 program, thereby locking them in and establishing my entitlement. A. I really do not understand what you're saying. You've agreed that your client is describing 3327A1. Now, if you go to D2, you say, in the case of an individual making an election under subsection A, who's described in paragraph 1A of that section, that's your client, isn't it? Yes, Your Honor. I mean, he is described by that, but he is not choosing, he's not making an election. Even though he had retained or had unused Montgomery entitlement, he was not making an election under 3327. He had no need to. He was trying to take full advantage of benefits under both programs, subject to the 48-month cap, as 3311 provides, as 3312 provides in granting him 36 months of benefits if he's able to establish that he has qualifying service not used for other benefits programs. That's what he's trying to do, and the VA has forced him into the 3327 trap by setting up its form to require anyone applying for post-911 benefits, regardless of what their qualifying service is, to make the election that is provided for in 3327 for some veterans. Mr. Rudisill is not one of those veterans. He does not need to make that choice, and he was not trying to make that choice. 3322D and 3327 provide a benefit to veterans. They are a permissive way for veterans who did not previously have the choice to credit their qualifying service. Don't you have benefits under this chapter, the 9-11 chapter, don't you have to make an election to get the benefits? Your Honor, you have to make an election of either where to credit service that has not been previously used. That would be a period of service election under 3322H1, or after an election, and you've credited service to, say, the Montgomery program, but change your mind later and want to switch that over to the post-911 program, then you coordinate that existing entitlement, that property interest, that right that you have, and you coordinate it under 3322D and 3327 and choose, you elect to say, I want now post-911 benefits instead of the pre-existing entitlement to Montgomery benefits. Under that view, this creates, this allows all veterans who have qualifying service to have the freedom of choice into how they are going to use their benefits. If they meet the qualifying service criteria of only, they'll only have enough service, excuse me, qualifying service to only obtain benefits under one program, they have to pick and choose, and if they are going to convert to post-911 benefits and have already been using Montgomery, they're limited, understandably. Congress was not creating a windfall here and letting folks who had minimal service get two very generous benefits, but if they are able to separately qualify for both programs, consistent with historical practice and all other indications in the statutory and regulatory scheme, they are allowed to establish those entitlements and use them separately up to the 48-month aggregate cap. So ultimately, the distinctions made under the statutory scheme in 3322H1, there it is talking about potential entitlement, it's talking about eligibility, qualifying service that may make you eligible for one program or another. That dictates a primary choice to establish entitlement in the first place. 3322D and 3327 are talking about entitlement. That's the plain language hook that we're talking about here that propels you that this is about something that's already been established. That entitlement is based on very specific dates, very specific qualifying service that the veteran had to identify and they have locked into an existing program. They want to convert that entitlement to something else. Ultimately, there's no indication in the statutes or in the legislative history or elsewhere that Congress intended anything like what the Secretary is providing for here. The Secretary's own regulations don't provide for it. They provide for a scheme exactly like what we argue for and what the Veterans Court held. It's simply the form that contains a mistake and requires veterans to abandon established entitlements to obtain post 9-11 entitlement that dictates this. And hence, the VA... Either a veteran with multiple periods of service or a veteran with a single period of service that exceeds 20, 36 months. It doesn't apply to anybody unless they elect to be under this section. Is that it? Your Honor, slightly different way to word it. Our view is that it applies to everyone. If they only... If they want to choose to convert existing entitlement, they have to follow 33-27. So if they have, let's say, four years of service only and they... It only applies to the people who choose to be limited by the section? That's correct. But if that person, say, only has 36 months of service, there is not a scenario in which they could get post 9-11 benefits if they've already credited that service to Montgomery Benefits. So they would have to... If they want to take advantage of post 9-11 GI Bill, they have to convert. They have to go through 33-22D and 33-27. It's an option. It's a choice available to folks that Congress created for those folks that want to convert after they've made a decision already for whatever reason. But that's not our client. Our client is not in that situation as the Veterans Court identified. There's no need for him to make that choice. It would be against his interest to make that choice because he can separately credit his remaining qualifying service to the post 9-11 program and independently establish that entitlement and use it to its maximum. Counsel, real quickly, could you address the jurisdiction issue? Yes, Your Honor. Our view is that the court does not have jurisdiction here. The solicitor general has the authority to make all decisions on appeals. Others have specific authority to take those cases, however. The solicitor general has explained the general rule in the Flynn case, which we cited in our 28-J letter. There the solicitor general stated, and I quote, entities in the federal government generally must obtain authorization from the solicitor general before filing appeals. Here in the motions practiced before this court, the secretary conceded that he did not have the solicitor general's authorization, and that didn't come until 79 days after the running of the statutory limitations period. In response, in its reply brief, the secretary has only cited DOJ Directive 1-15. On its face, Section 6 of that directive applies only to what are explained or described as direct reference or delegated cases. Those are cases where a U.S. attorney... Why shouldn't we look at that and say that's just an internal governmental directive, but yet it doesn't affect the jurisdiction of the court as a whole under the jurisdictional statutes of the court? Your Honor, I think that the Supreme Court's decision in FEC explains why that is important, why the court must look at this. It's not the case that a government entity without authority can't file a notice of appeal in any situation. However, if they didn't have the adequate authority to do so in the first place, that authority must be provided within the statutory limitations period. Otherwise, the solicitor general, for example, could extend jurisdictional time limits to days, weeks, or months later, exactly as happened here. The solicitor general and the attorney general have established their internal scheme for good reasons, I assume, and do not want cases like, for example, in Flynn, where a district court judge sought petition for rehearing en banc without the solicitor general's authority or approval. The solicitor general and the attorney general have consolidated litigation authority into the solicitor general's office except for in specific cases, and that simply is not one of these cases. The DOJ directive on its face does not apply to this situation, and that's what the government has pointed to as its authority. The directive in Section 4 describes the types of cases that are covered by Section 6, and this is not one of those. There's no provision for the secretary who has represented himself by his office of general counsel in the veterans court to hold the federal government to taking an appeal to this court without the solicitor general's approval. There's no directive that provides for that. So the Hogg case and the cases that have followed are all wrong? Your Honor, they're not wrong, ultimately. They were examples of cases where there was specific authority for someone else to take the appeal. In Hogg, there was... I'm not understanding what the difference is between this case and Hogg. What's the difference? Your Honor, I see I'm nearly out of time, but... Please answer the question. Your Honor, the difference here is that Hogg did involve a policy, a directive, a direction, what have you, from an official with authority to file the notice of appeal. So there was no issue there. There was an exception to the solicitor general's exclusive authority which applied. Here, there is no such exception. The only source of authority the government has cited is the directive, which applies to cases handled by U.S. attorneys at the trial level or the lower level. The secretary has represented himself, and the federal government hasn't decided yet whether it wants to press that appeal, those arguments on appeal. Without an express delegation from the solicitor general or some other exception to the regulation that bests the authority in the solicitor general's office, there's no jurisdiction here for the court because the secretary did not have adequate authority to file his appeal. And unless the court has any other questions, we would respectfully request that the court affirm the Veterans Court and allow veterans like Mr. Russel and all others to use the full amount of entitlement that Congress has provided them. Okay, any more questions for Mr. McHugh? Hearing none, all right, we'll hear a rebuttal from Ms. Fomenkova. Yes, Your Honor. In our view, this case starts, stops, and is fully resolved by Section 3327 D2A. That section specifically states that the limitation that it imposes applies to the group of veterans that is defined by Subsection A1A, and we just heard from Mr. Rudisill that Mr. Rudisill meets the definition in A1A. And in our view, that fully resolves this case, and Congress explicitly says what happens to those veterans and how many months of post-911 benefits they can receive and limits that to the number of unused Montgomery benefits. Now, as I understood the argument today from Mr. Rudisill's counsel is that they view Section 3327 as essentially undoing the election that is required in Section 3322H, and I respectfully submit that there is no evidence that that is what Congress intended. There's no language in 3327 to suggest that that is how it was intended to apply. There's no language in 3322H, frankly, that suggests that that is an undoable election in any event. And therefore, there is really no dispute anymore as to what Section 3327 D2 does or that the explicit definition of to whom it applies covers Mr. Rudisill. And therefore, the Veterans Court fundamentally erred by refusing to consider the language in Section 3327 at all, and therefore, erred in deciding that it does not apply to Mr. Rudisill when he plainly meets the terms that are established there. And therefore, this court should reverse that error and apply the plain and unambiguous limitation found in 3327 D2A to Mr. Rudisill who plainly falls within the definition of those individuals covered. The court has no other questions. Any more questions for counsel? Okay. Thank you. Thanks to both counsel. The case is taken under submission. That concludes the argued cases for this panel this morning. The Honorable Court is adjourned until tomorrow morning at 10am.